IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAN'E COLAHAR EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1580-GMS |
| | ) |
| RICHARD DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Jan'e Colahar El ("the plaintiff"), filed this lawsuit on November 26, 2012. (D.I. 1.) She appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

While not clear, it appears that this case concerns the mortgage and foreclosure of plaintiff's real property located at 53 Hempstead Drive in Newark, Delaware. Bankruptcy records indicate that the bankruptcy trustee abandoned the real property as there were liens against the property of greater value than the property itself. *See In Re Colahar*, Bankr. No. 10-12868-BLS at D.I. 55.

A promissory note and mortgage securing the real property at issue were executed on May 26, 2006. The plaintiff alleges that the documents should be in the possession of the defendant US Bank, NA ("US Bank"), but that on October 17, 2009, an assignment of mortgage was executed and the mortgage could be in the possession of the Mortgage Electronic

Registration Systems, Inc. ("MERS").[1] The plaintiff alleges that because the note and mortgage have been separated, there can be no foreclosure on the property until the note and mortgage are reunited.

She further alleges that she recently discovered loan documents signed by the Mortgage Lenders Network[2] that were "a misrepresentation of facts, lacked full disclosure, and induced by fraud." The plaintiff wrote to US Bank and requested a "proof of claim" on the mortgage loan account claiming it is "void ab initio" due to "possible contract violation, fraud, assumption of debit, and other related matters." US Bank did not respond and the plaintiff takes its silence as acquiescence and tacit agreement that the account was void from the beginning. In addition, it seems that plaintiff believes that her bankruptcy case served to satisfy or extinguish the loan/debt and, therefore, all collection efforts must cease.

The plaintiff specifically alleges fraud, conspiracy in violation of 18 U.S.C. § 241, deprivation of her rights under the color of law in violation of 18 U.S.C. § 242, and violations of her civil rights in violation of 42 U.S.C. § 1983. (D.I. 1, Aff. of Fact at 3-4.) The damages section of the complaint also contains a list of statutes that the defendants allegedly violated, as follows: TIL (i.e., Trust in Lending) and RESPA (i.e., Real Estate Settlement Procedures Act), 18 U.S.C. §§ 241, 474, 655-656, 1341, 1342, 1961, 1962, and 1964; 15 U.S.C. § 78c(a)(1); 42 U.S.C. §§ 1983, 1985, and 1986; and the National Currency Act 1863 (13 Stat. 99) §§ 27, 28, 37,

---

[1] MERS is not a named defendant.

[2] Mortgage Lenders Network is not a named defendant.

2

53, and 55.[3] (D.I. 1, Complaint at Damages.) The plaintiff seeks compensatory damages and declaratory relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiff proceeds *pro se*, her pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

---

[3]The court will not address the list of statutes set forth above. In one sentence, the plaintiff alleges only that the defendants violated the statutes, nothing else. The sentence is conclusory and lacking in factual basis.

3

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant The plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that The plaintiff has a "plausible claim for relief."[4] *Id.* at 211. In other words, the complaint must do more than allege The plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[4]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

## III. DISCUSSION

### A. Fraud in the Inducement

The plaintiff alleges fraud, and the complaint sets forth the elements of fraud in the inducement. Under Delaware law a plaintiff must allege with particularity the following elements to state a fraud in the inducement claim: (1) a false representation of material fact; (2) the defendant's knowledge of or belief as to the falsity of the representation or the defendant's reckless indifference to the truth of the representation; (3) the defendant's intent to induce the plaintiff to act or refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance. *See Stephenson v. Capano Dev. Co.*, 462 A.2d 1069, 1073 (Del. 1983); *see also DVC Holdings Inc. v. ConAgra Holding, Inc.*, 889 A.2d 954 (Del. 2005).

While the complaint sets forth the elements of fraud in the inducement, it does not contain sufficient facts to support the claim. The complaint lacks facts to support the defendants' knowledge of, or belief, as to the falsity of the representation or their reckless indifference to the truth of the representation. Nor does it adequately allege the defendants' intent to induce the plaintiff to act. The claim is nothing more than conclusory.

After thoroughly reviewing the complaint, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. Accordingly, the court will dismiss the fraud claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Criminal Statutes

The complaint invokes Title 18 criminal statutes; specifically, 18 U.S.C. §§ 241 and 242. However, these statutes do not provide for a private cause of action and therefore a violation of

5

either cannot form the basis of a civil suit. *See, e.g., Walthour v. Herron*, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242), *Jones v. Lockett*, 2009 WL 2232812 at *8 (W.D. Pa. July 23, 2009) ("It is clear that the criminal statutes invoked by Plaintiff, *i.e.*, 18 U.S.C. §§ 241, 371 and 1341 do not provide for a private cause of action. In other words, those statues do not confer a right to a person.") (collecting cases). Accordingly, to the extent the plaintiff has asserted any claim under Title 18, she has failed to allege a claim for which relief can be granted. Therefore, the claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### C. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The defendants are either financial institutions, lawyers, or corporate officers. None are "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

The § 1983 claims have no arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### IV. CONCLUSION

For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i). In light of the nature of the plaintiff's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__May 3__, 2013
Wilmington, Delaware